# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:16-CV-00874-GCM

| | |
|---|---|
| BARRINGTON BOYD, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LIVE NATURALLY LLC, ) | |
| A. BURTON SHUFORD, ) | |
| ) | |
| Appellees. ) | |
| ) | |

**THIS MATTER** is before the Court on appellant Boyd's Motion to Reconsider this Court's Order of Dismissal (Doc. No. 3). Responses were due February 16, 2017 and as no responses were submitted to the Court, this issue is ripe for disposition.

This Court issued an order on January 19, 2017 dismissing as moot the Appellant's motion to stay the sale of assets determined by the bankruptcy court to be part of the bankruptcy estate of Boyd. (Doc. No. 2).

While not specifically addressed in the Federal Rules of Civil Procedure, motions to reconsider are common in federal practice. *See DIRECTV, INC. v. Hart*, 366 F.Supp.2d 315 (E.D.N.C. 2004). "A motion to reconsider is appropriate where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Id.* (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 907, 909 (3d Cir. 1985)). However, a motion to reconsider was not intended to allow a particular motion to be subject to further debate "to give an unhappy

litigant one additional chance to sway the judge." *Remediation Products, Inc. v. Adventus America, Inc.*, 2010 WL 2572555 at *1 (W.D.N.C. 2010) (quoting *Myers v. Rigel*, 2012 WL 1759558 at *2 (S.D.Miss. May 3, 2010).

The Court finds nothing in Appellant Boyd's motion that warrants a reconsideration of the Court's Order.

**IT IS THEREFORE ORDERED** that the appellant's motion to reconsider (Doc. No. 3) is **DENIED**.

**SO ORDERED.**

Signed: February 22, 2017

Graham C. Mullen
United States District Judge